LEVIN-EPSTEIN & ASSOCIATES, P.C.
Joshua Levin-Epstein
1 Penn Plaza, Suite 2527
New York, New York 10119
Tel.: (212) 792-0046
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
REINA SORIANO, on behalf of herself and all
others similarly situated,

                       Plaintiff,

          Case No: 1:18-cv-00194

      -against-

                      **ANSWER AND**
D & J EXPORT, INC. d/b/a D&J EXPORT, INC.,    **AFFIRMATIVE DEFENSES**
AMERICAN PREMIUM RAGS INC. d/b/a D&J
EXPORT, INC., JAIME SANCHEZ, and DANNY
SALMERON,

                       Defendants.
-------------------------------------------------------------------x

       Defendants D & J Export, Inc. d/b/a D&J Export, Inc., American Premium Rags Inc. d/b/a

D&J Export, Inc., Jaime Sanchez, and Danny Salmeron ("Defendants"), by and through its

undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative

defenses to the complaint, dated January 11, 2018, (the "Complaint") of Reina Soriano (the

"Plaintiff"), hereby admit, deny and allege as follows:

      1.      The allegations contained in paragraph "1" of the Complaint are denied.

      2.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Complaint.

      3.      The allegations contained in paragraph "3" of the Complaint set forth legal

conclusions for which no response is required.

4.      The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      The allegations contained in paragraph "6" of the Complaint are admitted.

7.      The allegations contained in paragraph "7" of the Complaint are admitted.

8.      The allegations contained in paragraph "8" of the Complaint set forth legal conclusions for which no response is required.

9.      The allegations contained in paragraph "9" of the Complaint are admitted.

10.     The allegations contained in paragraph "10" of the Complaint are denied.

11.     The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

12.     The allegations contained in paragraph "12" of the Complaint are admitted.

13.     The allegations contained in paragraph "13" of the Complaint are admitted.

14.     The allegations contained in paragraph "14" of the Complaint set forth legal conclusions for which no response is required.

15.     The allegations contained in paragraph "15" of the Complaint are admitted.

16.     The allegations contained in paragraph "16" of the Complaint are admitted.

17.     The allegations contained in paragraph "17" of the Complaint are admitted.

18.     The allegations contained in paragraph "18" of the Complaint are admitted.

19.     The allegations contained in paragraph "19" of the Complaint are admitted.

20.     The allegations contained in paragraph "20" of the Complaint are admitted.

21.     The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required.

22.     The allegations contained in paragraph "22" of the Complaint are admitted.

23.     The allegations contained in paragraph "23" of the Complaint are admitted.

24.     The allegations contained in paragraph "24" of the Complaint are admitted.

25.     The allegations contained in paragraph "25" of the Complaint are admitted.

26.     The allegations contained in paragraph "26" of the Complaint are admitted.

27.     The allegations contained in paragraph "27" of the Complaint are denied.

28.     The allegations contained in paragraph "28" of the Complaint are admitted.

29.     The allegations contained in paragraph "29" of the Complaint are denied.

30.     The allegations contained in paragraph "30" of the Complaint are admitted.

31.     The allegations contained in paragraph "31" of the Complaint are admitted.

32.     The allegations contained in paragraph "32" of the Complaint are denied.

33.     The allegations contained in paragraph "33" of the Complaint are denied.

34.     The allegations contained in paragraph "34" of the Complaint are denied.

35.     The allegations contained in paragraph "35" of the Complaint are denied.

36.     The allegations contained in paragraph "36" of the Complaint are denied.

37.     The allegations contained in paragraph "37" of the Complaint are denied.

38.     The allegations contained in paragraph "38" of the Complaint are denied.

39.     The allegations contained in paragraph "39" of the Complaint are denied.

40.     The allegations contained in paragraph "40" of the Complaint are denied.

41.     The allegations contained in paragraph "41" of the Complaint are denied.

42.     The allegations contained in paragraph "42" of the Complaint are denied.

43.     The allegations contained in paragraph "43" of the Complaint are denied.

44.     The allegations contained in paragraph "44" of the Complaint are denied.

45.     The allegations contained in paragraph "45" of the Complaint are denied.

46.     The allegations contained in paragraph "46" of the Complaint are denied.

47.     The allegations contained in paragraph "47" of the Complaint are denied.

48.     The allegations contained in paragraph "48" of the Complaint are denied.

49.     The allegations contained in paragraph "49" of the Complaint are denied.

50.     The allegations contained in paragraph "50" of the Complaint are denied.

51.     The allegations contained in paragraph "51" of the Complaint are denied.

52.     The allegations contained in paragraph "52" of the Complaint are denied.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.    The allegations contained in paragraph "60" of the Complaint are denied.

61.    The allegations contained in paragraph "61" of the Complaint are denied.

62.    The allegations contained in paragraph "62" of the Complaint are denied.

63.    The allegations contained in paragraph "63" of the Complaint are denied.

64.    The allegations contained in paragraph "64" of the Complaint are denied.

65.    The allegations contained in paragraph "65" of the Complaint are denied.

66.    The allegations contained in paragraph "66" of the Complaint are denied.

67.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68.    The allegations contained in paragraph "68" of the Complaint are denied.

69.    The allegations contained in paragraph "69" of the Complaint are denied.

70.    The allegations contained in paragraph "70" of the Complaint are denied.

71.    No response is required to the statement set forth in paragraph "71."

72.    The allegations contained in paragraph "72" of the Complaint set forth legal conclusions for which no response is required.

73.    The allegations contained in paragraph "73" of the Complaint are denied.

74.    The allegations contained in paragraph "74" of the Complaint are denied.

75.    The allegations contained in paragraph "75" of the Complaint are denied.

76.    No response is required to the statement set forth in paragraph "76."

77.    The allegations contained in paragraph "77" of the Complaint set forth legal conclusions for which no response is required.

78.     The allegations contained in paragraph "78" of the Complaint are denied.

79.     The allegations contained in paragraph "79" of the Complaint are denied.

80.     The allegations contained in paragraph "80" of the Complaint are denied.

81.     No response is required to the statement set forth in paragraph "81."

82.     The allegations contained in paragraph "82" of the Complaint set forth legal conclusions for which no response is required.

83.     The allegations contained in paragraph "83" of the Complaint are denied.

84.     The allegations contained in paragraph "84" of the Complaint are denied.

85.     No response is required to the statement set forth in paragraph "85."

86.     The allegations contained in paragraph "86" of the Complaint set forth legal conclusions for which no response is required.

87.     The allegations contained in paragraph "87" of the Complaint are denied.

88.     The allegations contained in paragraph "88" of the Complaint are denied.

89.     Defendants deny that Plaintiff is entitled to any relief sough in the "Prayer for Relief."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

90.     Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91.     The state law class action claims in the Complaint are subject to dismissal as preempted or otherwise procedurally inconsistent with the Fair Labor Standards Act, and pendent jurisdiction does not apply and/or is inappropriate with respect to these causes of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92.     Some or all of Plaintiff's, the prospective opt-in plaintiffs and/or the putative class members' claims are barred in whole or in party by the applicable statutes(s) of limitation under 29. U.S.C. Section 255.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims are barred by the equitable doctrines of laches and waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

94.     Plaintiff was paid in accordance with all applicable law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

95.     Defendants did not engage in willful or unlawful conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

96.     As to any liquidated damage or other claim of the Plaintiff, the Defendant asserts they acted in subjective good faith and had objectively reasonable grounds for the belief that the Defendant's policies and employee payments or omissions, including but not limited to the payment of wages complied with the law and were not a violation of the Fair Labor Standards Act.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

97.     Assuming *arguendo*, Defendant violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## RESERVATION OF RIGHTS

98.     Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

99.   Defendant reserves the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demands judgment in their favor:

(a)   denying Plaintiff is entitled to the relief for which he prays on behalf of himself or any other individual or to any other relief.

(b)   dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c)   awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d)   granting Defendants such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       March 5, 2018

Yours, etc.

**Levin-Epstein & Associates, P.C.**

By:    /s Joshua Levin-Epstein    
       Joshua Levin-Epstein, Esq.
       1 Penn Plaza, Suite 2527
       New York, New York 10119
       Tel:  (212) 792-0046
       *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2018, I electronically filed the foregoing Defendant Answer and Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

Pechman Law Group PLLC
Louis Pechman
Gianfranco Cuadra
Catalina Cadavid
488 Madison Avenue, 17th Floor
New York, NY 10022

*Attorneys for Plaintiff*

/s *Joshua Levin-Epstein*
Joshua Levin-Epstein